Mr. Justice Wylie
delivered the opinion of the court:
This.was an action of assumpsit in the common counts to recover $2,000 with interest. At the trial plaintiff' gave in .evidence two drafts, as follows:
No. 75. Williamsport, Md., December 28, 1861.
Assistant Treasurer oe the U. S., New York.
Pay to Colonel W. II. Lamon, or order, one thousand dollars ($1,000). J. D. Levin,
Lt. 9sfh Inf’y, A. A. Q. M.
(Paid February 22, 1862.)
No. 76. Williamsport, Md., December 23,1861:
Assistant Treasurer oe the U. S., New York.
Pay to Colonel W. H. Lamon, or order, one thousand dollars ($1,000). J. D. Levin,
Lt. 9 th Inf’y, A. A. Q. M.
(Paid February 22, 1862.)
Plaintiff there rested. This was plaintiff’s whole evidence.
The evidence showed that Lamon had been paid $2,000 on -account of the United States, and this was all it showed. It .did not show that the United States had any right to recover the money. In an action for money had and received to the plaintiff’s use, the plaintiff cannot recover the money unless he proves that it is against conscience for the defendant to *211 keep it. (1 Selwyn’s N. P., 99.) Tbe burden of showing this is upon the plaintiff. In the absence of proof upon that point, the presumption is that the money was lawfully paid to the defendant, and that he has the right to retain it.
In the present instance the plaintiffs own evidence wasffiot sufficient to entitle it to a verdict against the defendant. Defendant was not content, however, to occupy this secure position, but chose to set up the defense that not only had ail this money been expended in the service of the government, but a very large sum of his own in addition, which had never been repaid, but which, after so great a lapse of time, he did not seek to have repaid. Believing, howevei’, that he would be denied the right to make any defense against the government unless such defense were first made out and presented for settlement at the Treasury, as is required by law in cases of set-off, he made out and presented to that department a claim amounting to $23,000, less the amount of the two drafts in question. His claim was sustained by no evidence except his own affidavit, all his vouchers having been lost or destroyed, as he stated, in the course of military operations during the war in the valley of Virginia. Of course the claim was rejected by the accounting officers of the Treasury, the auditor saying: “ If the said claim was supported by full and complete vouchers, still it would be debarred by section 3489 of the Revised Statutes of the United States, p. 695.”
Undoubtedly the action of the accounting officers was correct. Without vouchers for any item of the claim, except the claimant’s own affidavit, it could not lawfully be allowed.
At the trial below, however, defendant again offered the same papers in evidence. The plaintiff objected; the objection was overruled, the papers admitted in evidence, and a bill of exceptions taken by the plaintiff.
It appears to us that these papers were equally inadmissible for evidence in the court as at the Treasury.
The subsequent testimony given by the defendant was competent for the purpose of showing the circumstances and the - consideration attending the giving of the drafts in question, *212 but for no purpose beyond that. Indeed, the defendant himself disclaimed an idea of asking for a verdict from the jury for the balance in his favor,, as set up in the claim presented to the Treasury Department. The testimony, if believed, was conclusive on this point, and showed that Larnon’s conduct had been not only perfectly honest, but highly patriotic in the transaction ; and we have no doubt whatever as to the perfect verity of his statement in regard to that matter. His whole defense, however, was unnecessary, for the plaintiff' had made out no case against him; and so he is entitled to have an affirmance of this judgment, notwithstanding the error in admitting in evidence the papers which had been presented to the Treasury Department.